IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN M. DAVIS,**

**Plaintiff,**

**v.**

**VILLAGE OF CASEYVILLE,**
**a body corporate and politic,**
**JAMES MIDGETT, SCOTT MILLER,**
**GREG HOSP, LASICA, FEAZEL and**
**HESTER, individually and in their**
**official capacities as Police Officers of**
**the Village of Caseyville, Illinois,**

**Defendants.**                                                                 **No. 05-CV-0455-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

#### I. Introduction and Background

Now before the Court is Defendants' additional motion for summary judgment (Doc. 23). Specifically, Defendants contend that they are entitled to summary judgment because the claims in Davis' complaint are barred by the doctrine of judicial estoppel. Davis opposes the motion (Doc. 27). Based on the record and the applicable law, the Court grants Defendants' additional motion for summary judgment (Doc. 23).

On June 24, 2005, John M. Davis filed a six-count complaint against the Village of Caseyville, Illinois, James Midgett, Scott Miller, Greg Hosp, Lasica, Feazel and Hester, individually and in their official capacities as Police

Officers for the Village of Caseyville, Illinois alleging excessive force and battery pursuant to 42 U.S.C. §§ 1983 and 1988 and state law theories (Doc. 1). Davis' complaint alleges the Defendant Police Officers used excessive force when they broke up a fight that Davis was engaged in and placed Davis under arrest during a picnic at the Caseyville City Park on June 25, 2004. Davis' complaint alleges that the Defendants grabbed him and held him in a prone position on his stomach. Davis also alleges that Defendants jumped on his back and held his arms and legs to the ground and that Defendant Midgett used his Taser gun to shoot Davis several times. Davis seeks damages in excess of $75,000, attorney fees and costs.

On June 21, 2006, Defendants filed a second motion for summary judgment (Doc. 10).[1] Plaintiff filed an opposition to that motion on August 22, 2006 (Doc. 20). Thereafter, the Court granted Defendants leave to file a third affirmative defense and an additional motion for summary judgment on August 24, 2006 (Doc. 22). That same day, Defendants filed this additional motion for summary judgment (Doc. 23). The Court turns now to address the merits of the additional motion for summary judgment.

## II.  Facts[2]

On November 17, 2000, Davis filed a Chapter 13 Voluntary Bankruptcy Petition in the United States Bankruptcy Court for the Southern District of Illinois.

---

[1] The Court notes that the record does not reflect a "first" motion for summary judgment filed prior to this "second" motion for summary judgment.

[2] The parties do not dispute the facts applicable to this additional motion for summary judgment.

*See In re: John M. Davis*, **00-33395**.[3]   During these proceedings, Davis was represented by attorney William A. Mueller.  In his Chapter 13 Petition, Davis reported that he had no contingent or unliquidated claims of any nature.  He estimated that after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.  On August 5, 2005, the Bankruptcy Court issued its Order of Discharge. (00-33395; Doc. 27).  At no time prior to the Order of Discharge did Davis amend his Bankruptcy Petition /pleadings to disclose the fact of his ownership of this lawsuit or chose in action.

### III.  Summary Judgment

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c)**; *Wyatt v. UNUM Life Insurance Company of America*, **223 F.3d 543, 545 (7th Cir. 2000)**; *Oates v. Discovery Zone*, **116 F.3d 1161, 1165 (7th Cir. 1997);** *See also Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986))**.  The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Wollin v. Gondert*, **192 F.3d 616, 621-22 (7th Cir. 1999)**.  The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *Schneiker v. Fortis Insurance Co.*, **200 F.3d**

---

[3] Pursuant to **FEDERAL RULE OF EVIDENCE 201**, the Court takes judicial notice of the adjudicative facts established in the bankruptcy proceedings.

**1055, 1057 (7th Cir. 2000);** *Baron v. City of Highland Park***, 195 F.3d 333, 337-38 (7th Cir. 1999)**.

In reviewing a summary judgment motion, the Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. ***EEOC v. Sears, Robuck & Co.*, 233 F.3d 432, 436 (7th Cir. 2000)**. No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted…." ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)**. **Accord** *Starzenski v. City of Elkhart***, 87 F.3d 872, 880 (7th Cir. 1996), cert. denied, 117 S. Ct. 683 (1997);** *Tolle v. Carroll Touch, Inc.***, 23 F.3d 174, 178 (7th Cir. 1994)**.

### IV.  <u>Analysis</u>

Defendants argue that they are entitled to summary judgment because the doctrine of judicial estoppel bars Davis' claims here because he obtained the benefit of a bankruptcy discharge on the basis of his false representation as a debtor in bankruptcy that he did not own an asset, including this chose in action or legal claim. Defendants further argue that Davis obtained the benefit of the bankruptcy discharge scamming his creditors, and now seeks to contradict himself in this action. Defendants rely on ***Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006)** for their position. Davis opposes the motion contending that the "failure to amend his Chapter 13 Petition did not occur as a result of any bad faith, on his part, or as the

result of any intent to mislead or deceive the courts or any person or any attempt to manipulate the judicial system, rather, his nondisclosure occurred as the result of inadvertence, mistake and/or ignorance of the duty to disclose in his bankruptcy proceeding the existence of his potential claim against the defendants." (Doc. 2, p. 8). The Court agrees with Defendants that ***Cannon-Stokes*** controls.

In 2006, the Seventh Circuit found that judicial estoppel precluded debtor's employment discrimination claims against her employer where debtor had denied in her bankruptcy petition that she had any valuable legal claims until after her bankruptcy ended, for her personal benefit, would amount to a perversion of the judicial process. **See *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006), cert. denied 127 S.Ct 838 (U.S. Dec. 11, 2006)**.[4] As to judicial estoppel, the Seventh Circuit set forth the following:

> Judicial estoppel is an equitable doctrine, and it is not equitable to employ it to injure creditors who are themselves victims of the debtor's deceit. Moreover, as a technical matter the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims, and unless the estate itself engages in contradictory litigation tactics the elements of judicial estoppel are not satisfied. But if the estate (through the trustee) abandons the claim, then the creditors no longer have an interest, and with the claim in the debtor"s hands the possibility of judicial estoppel comes to the fore. That is what has happened here: the trustee abandoned any interest in this litigation, so the creditors are out of the picture and we must decide whether Cannon-Stokes may pursue the claim for her personal benefit.

---

[4] In ***Cannon-Stokes***, the Plaintiff contended that the Postal Service which had hired her as a letter carrier, violated the Rehabilitation Act by not accommodating her mental aversion to making residential deliveries. The Seventh Circuit noted that at the time the plaintiff was pursuing her administrative claim for $300,000.00 from the Postal Service, she filed a Chapter 7 Bankruptcy Petition asserting that she had no assets and denied in her Petition that she had any valuable legal claims.

> The answer is no, as the other circuits (cited above) have concluded. "By making [litigants] choose one position irrevocably, the doctrine of judicial estoppel raises the cost of lying." *Chaveriat v. Williams Pipe Line Co.,* 11 F.3d 1420, 1428 (7th Cir.1993). A doctrine that induces debtors to be truthful in their bankruptcy filings will assist creditors in the long run (though it will do them no good in the particular case)-and it will assist most debtors too, for the few debtors who scam their creditors drive up interest rates and injure the more numerous honest borrowers. Judicial estoppel is designed to "prevent the perversion of the judicial process," *In re Cassidy,* 892 F.2d 637, 641 (7th Cir.1990), a fair description of the result if we were to let Cannon-Stokes conceal, for her personal benefit, an asset that by her reckoning is three times the value of the debts she had discharged. It is impossible to believe that such a sizeable claim-one central to her daily activities at work-could have been overlooked when Cannon-Stokes was filling in the bankruptcy schedules. And if Cannon-Stokes were really making an honest attempt to pay her debts, then as soon as she realized that it *had* been omitted, she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery. Cannon-Stokes never did that; she wants every penny of the judgment for herself.

***Id.,* 453 F.3d at 448**.  "A debtor in a bankruptcy proceeding is bound by her representations, no matter why they were made, at least until the debtor moves to amend the disclosures and pay the creditors their due (a step to repeat, Cannon-Stokes has not taken)." ***Id., * 435 F.3d at 449**.  As the Seventh Circuit concluded in

***Cannon-Stokes***:

> The signature on the bankruptcy schedule is hers.  The representation she made is false; she obtained the benefit of a discharge; she never tried to make the creditors whole; now she wants to contradict herself in order to win a second case.  Judicial estoppel blocks any attempt to realize on this claim for her personal benefit.

*Id*.

Here, the Court finds that Davis is bound by the representations or lack thereof that he made in the bankruptcy proceedings. Further, the record is clear that

Davis did not amend his bankruptcy pleadings to reflect this cause of action which happened on June 24, 2004 and was filed in this Court on June 25, 2005 (all during the pendency of his bankruptcy proceedings). Lastly, Davis has not moved to reopen the bankruptcy proceeding. Thus, the Court finds that his claims are barred by the doctrine of judicial estoppel and that summary judgment is proper in this case.

### V. Conclusion

Accordingly, the Court **GRANTS** Defendants additional motion for summary judgment (Doc. 23). The Court **ORDERS** the Clerk of the Court to enter judgment in favor of the Village of Caseyville, Illinois, James Midgett, Scott Miller, Greg Hosp, David Lasica, Gino Feazel and Benjamin Hester and against Plaintiff John M. Davis.

**IT IS SO ORDERED.**

Signed this 20th day of February, 2007.

/s/        David   RHerndon
**United States District Judge**